IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon McFadden, <br><br> Petitioner, <br><br> v. <br><br> Warden of Evans Correctional Institution, <br><br> Respondent. | C/A No. 8:23-cv-1534-SAL <br><br> **ORDER** |

    Brandon McFadden ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for review of the January 23, 2024 Report and Recommendation ("Report") of then United States Magistrate Judge Jacquelyn D. Austin,[1] made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 35.] In the Report, the magistrate judge recommends granting Respondent's motion for summary judgment, ECF No. 24, and denying the petition. [ECF No. 35.] Petitioner has filed objections to the Report. [ECF No. 40.] For the reasons outlined below, the court adopts the Report in its entirety.

## BACKGROUND

    The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But, for purposes of this order, an abbreviated history will suffice.

    In December 2016, a Sumter County grand jury indicted Petitioner for armed robbery, possession of a weapon during the commission of a violent crime, unlawful carrying of a pistol, and possession of a firearm by a person convicted of a violent felony. In November 2019,

---

[1] Judge Austin is now a district court judge.

1

following plea negotiations, Petitioner pleaded guilty to armed robbery, and the remaining indictments were dismissed. Petitioner was sentenced to twenty years' imprisonment. He filed a direct appeal, which was dismissed for failure to comply with a state appellate rule.

In July 2020, Petitioner filed a post-conviction relief ("PCR") action. Following an evidentiary hearing, a state court denied the PCR application and dismissed it with prejudice. Petitioner appealed that decision by way of a *Johnson*[2] petition. The case was transferred to the South Carolina Court of Appeals, and that court denied the petition for writ of certiorari. The remittitur was issued and filed in October 2022.

Petitioner initiated this action on March 8, 2023, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On August 30, 2023, Respondent filed a motion for summary judgment. [ECF No. 24.] Petitioner filed a response in opposition on October 23, 2023. ECF No. 30.

On January 23, 2024, the magistrate judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment. [ECF No. 35.] Petitioner filed objections to the Report on February 29, 2024. [ECF No. 40.] Thus, the matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), is the PCR appeal corollary to an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). It allows the South Carolina appellate court to review all of the issues raised to and ruled upon by the PCR court.

2

court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

3

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The court hereby adopts the Report without a full recitation here.

<u>Habeas Petition and Motion for Summary Judgment</u>

As explained in the Report, the magistrate judge grouped Petitioner's various claims into three separate habeas grounds. *See* ECF No. 35 at 5–6. Grounds One and Two relate to the plea negotiations and the circumstances of Petitioner's guilty plea. According to Petitioner, based on the plea negotiations in his case, he believed he would be pleading guilty to all four indictments against him in exchange for a sentence of twenty years. *See* ECF No. 11-1 at 1. But, on the day he was scheduled to plead guilty, he learned the negotiated plea was for twenty years on the armed robbery charge with the other charges to be dismissed by the state. *See id.*

In Ground One, the magistrate judge considered Petitioner's arguments that there was misconduct on the part of the prosecutor based on the alleged change in the terms of the negotiated plea. [ECF No. 35 at 15–16.] As explained in the Report, while Petitioner alleges a violation of his due process rights, "'[t]o prevail on a due process claim of prosecutorial misconduct, the [party bringing the claim] must show both misconduct and resulting prejudice.'" *Id.* at 15 (quoting *United States v. Howell*, 584 F. App'x 108, 109 (4th Cir. 2014)). The magistrate judge concluded, and this court agrees, there could be no prejudice in this case where "Petitioner received the very same sentence[,] and he ended up with fewer convictions than he would have had under the

previous agreement." *Id.*

In Ground Two, the magistrate judge considered Petitioner's various claims of ineffective assistance of counsel for plea counsel's actions regarding the negotiated plea. *See* ECF No. 35 at 16–17. For example, Petitioner alleges plea counsel was ineffective for failing to negotiate a new deal, failing to alert the plea court to the prosecutor's deviation from the previously agreed-upon plea, and advising Petitioner to accept the twenty-year plea to the single charge of armed robbery and not to bring up the existence of a prior agreement to the plea judge. *See* ECF No. 11-1 at 1–4, 14, 16, 17, 19. The magistrate judge found plea counsel had "no basis for complaining to either the prosecutor or the plea court" where "the negotiated plea that the plea judge accepted was at least as favorable for Petitioner as the plea he claims he had previously negotiated insofar as Petitioner received the same sentence but was convicted of fewer offenses." [ECF No. 35 at 17.] The magistrate judge also found there was "no reason to believe that the prosecutor would be willing to reduce the length of the sentence that Petitioner had already agreed to accept." *Id.* The court agrees with this assessment.

Rather than raise specific objections to the Report, for the most part, Petitioner only reargues the same issues he raised in his petition. In fact, the first seven pages of his objections are copies of pages from Petitioner's response in opposition to Respondent's motion for summary judgment, *see* ECF No. 40 at 1–2, and his petition, *see* ECF No. 40 at 3–7. These issues were addressed in the Report, and the court fully agrees with the reasoning and recommended disposition. Petitioner has failed to demonstrate any error in the Report, nor has he shown there is any merit to his claims of prosecutorial misconduct or ineffective assistance of counsel. For that reason, to the extent this court construes pages one through seven as objections to the Report, such

objections are overruled.

The eighth and final page of Petitioner's objections is labeled "extra." There, Plaintiff again reargues the merits of his habeas grounds. Petitioner appears to be under the misconception that the dismissals of the three weapons-related charges—i.e., possession of a weapon during the commission of a violent crime, unlawful carrying of a pistol, and possession of a firearm by a person convicted of a violent felony—somehow invalidate his armed robbery conviction. But, as explained in the Report, that is not correct. *See* ECF No. 35 at 17 n.7. The dismissals of the weapons-related charges do not impact the armed robbery conviction where that indictment charged Petitioner with committing robbery while he was "armed with a deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or other object which a person present during the commission of the robbery reasonably believed to be a deadly weapon . . . ." [ECF No. 23-1 at 92.] During his plea colloquy, Petitioner admitted he was guilty of armed robbery, and the plea court found there was a factual basis for the guilty plea. *See id.* at 8–12. As noted above, Petitioner's objections largely reargue the same issues he raised earlier to this court, which are based on a misunderstanding of the law.[3] His objections are, thus, overruled. The court adopts the Report and grants Respondent's motion for summary

---

[3] The court agrees with the Report's conclusion that Petitioner has failed to demonstrate any prejudice based on the alleged switch of the terms of his negotiated plea. But, even if he could show his negotiated plea was somehow less favorable, the Supreme Court has held

> [A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal. Rather, the shortcomings of the deal [the defendant] obtained cast doubt on the validity of his plea only if they show either that he made the unfavorable plea on the constitutionally defective advice of counsel, or that he could not have understood the terms of the bargain he and [the State] agreed to.

*Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) (internal citations omitted).

judgment as to Grounds One and Two.

Ground Three includes Petitioner's claim that plea counsel was ineffective for failing to do an adequate investigation and failing to suppress Petitioner's confession. *See* ECF No. 35 at 18–19. The magistrate judge found the ground to be procedurally barred as it had never been presented to any state court. Petitioner does not address the procedural default of his Ground Three, nor does he offer any basis under which the procedural default could be excused. The court adopts the Report's recommendation and grants Respondent's motion for summary judgment as to Ground Three.

## Motion for Copies

On February 29, 2024, the court received a motion from Petitioner where he requested "copies of legal paperwork that [he] sent in two weeks ago." [ECF No. 41 at 1.] The motion for copies is dated February 26, 2024. *Id.* Based on the court's review of the docket, approximately two weeks before the motion for copies, Petitioner filed a motion for an extension of time to respond to the Report. [ECF No. 37.] The motion for an extension of time was granted, and Petitioner was given until February 26, 2024, to file his objections. *See* ECF No. 38. At this time, Petitioner's motion for copies is denied. If he wishes to have a copy of his motion for an extension of time, he should submit that request in accordance with the court's copy policy, which the court directs the Clerk to provide to Petitioner along with this order.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a de novo review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 35. Accordingly, Respondent's motion for summary judgment, ECF No. 24, is granted and

7

the petition, ECF No. 1, is dismissed with prejudice. Petitioner's motion for copies, ECF No. 41, is denied. The Clerk is directed to provide a copy of the court's copy policy along with this order.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

March 11, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."